IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROY VILLARREAL<br>*Plaintiff,*<br><br>v.<br><br>STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:19-cv-00124 |

## NOTICE OF REMOVAL

Defendant State Auto Property and Casualty Insurance Company ("Defendant" or "State Auto"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Roy Villarreal v. State Auto Property and Casualty Insurance Company*; Cause No. 2019-DCL-01415; In the 404th Judicial District of Cameron County, Texas.

## I.
## BACKGROUND

1. Plaintiff Roy Villarreal (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 2019-DCL-01415; In the 404th Judicial District of Cameron County, Texas on March 7, 2019 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on April 5, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 404th Judicial District of Cameron County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff is domiciled in Cameron County, Texas. *See* **Exhibit A**, ¶ 1. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. State Auto Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, State Auto is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $100,000, but not more than $200,000.00 dollars." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 4.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

11.     Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) attorney's fees through trial and appeal, (4) pre and post-judgment interest, and (5) costs of court. *See* **Exhibit A, ¶¶** 14-24 and Prayer.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A, ¶** 21; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

12.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14.     WHEREFORE, Defendant State Auto Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

[1]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEY-IN-CHARGE FOR DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Karla Y. Huertas
Texas Bar No. 24087765
Southern District No. 3366402
khuertas@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

5

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 16th day of April, 2019 to:

| | |
|---|---|
| James Willis | **_9414 7266 9904 2061 9293 01_** |
| Richard D. Daly | |
| Daly & Black, P.C. | |
| 2211 Norfolk St., Suite 800 | |
| Houston, TX 77098 | |
| jwillis@dalyblack.com | |
| rdaly@dalyblack.com | |
| ecfs@dalyblack.com | |

                                      */s/ Patrick M. Kemp*
                                      Patrick M. Kemp